**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA DIVISION
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                            **CASE NO.1:99CR15-MMP/AK**

**AARON GRAY GLASSCOCK,**

    **Defendant.**

    _____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 957. On December 15, 1999, Defendant was convicted of conspiracy to possess with intent to distribute cocaine, Doc. 483, and was sentenced on February 17, 2000, to a term of 360 months imprisonment. Doc. 542. He appealed to the Eleventh Circuit, which affirmed the judgment on November 20, 2001. Doc. 811. According to the instant motion, Defendant's petition for writ of certiorari was denied on June 10, 2002. Doc. 957.

On this occasion, Defendant maintains that his constitutional right "to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence" has been violated. *Id.* Defendant does not cite *Booker*, but his claims clearly fall within the

perimeters of that case.  *See United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004).  However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.  2005).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 957, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this **12th**  day of July, 2005.


s/ A. KORNBLUM
ALLAN KORNBLUM
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**Case No.1:99cr15-mmp/ak**