IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,
v.  CASE NO. 1:99-cr-00015-MP-AK

AARON GLASSCOCK,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 958, Report and Recommendation of Magistrate Judge Kornblum, as to Aaron Glasscock, recommending that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 957, be denied. The Magistrate Judge filed the Report and Recommendation on Tuesday, July 12, 2005. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Defendant has filed an objection through counsel. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court has made a *de novo* review of those portions to which an objection has been made. Having considered the Report and Recommendation and all objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

    The following are the facts as stated by the Defendant in his objection:

> On March 12, 1999, movant was arrested and an indictment was thereafter returned charging movant with conspiracy to possess with intent to distribute cocaine; possession of a firearm in relation to a drug-trafficking crime; and criminal forfeiture. On April 28, 1999, a Superseding Indictment was returned and movant entered a plea of not guilty.
> On August 2, 1999, the first trial commenced with jury impaneled.
> On August 30, 1999, the second trial commenced. On September 3, 1999, the trial court declared a mistrial because the jury could not reach a verdict.
> On October 4, 1999, the third trial commenced with a visiting District Judge. This

third trial again resulted in a mistrial because the jury was unable to reach a verdict, despite an "Allen" charge on October 6, 1999.

On December 13, 1999, the fourth and final trial commenced with yet another visiting District Judge, Honorable Lacey Collier. At the conclusion of the trial on December 15, 1999, the jury returned a verdict finding the movant guilty as to Count I, Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and acquitting the movant of Count II, Possession of a Firearm in Relation to a Drug-Trafficking Crime. On February 22, 2000, the original trial court, Honorable Maurice M. Paul, imposed a sentence of 360 months, an $100 special assessment and a period of five-year period of supervised release. The trial court specifically enhanced movant's base offense level under the guidelines by two levels for possession of a firearm in relation to the commission of a drug-trafficking crime and further increased the base offense level by two additional levels for obstruction of justice. Movant was remanded to federal custody where he remains incarcerated under the sentence imposed February 22, 2000.

Movant appealed to the United States Court of Appeals for the Eleventh Circuit (hereinafter "appellate court") on February 22, 2000. His sentence was affirmed by the appellate court on November 20, 2001. Movant filed an unsuccessful Petition for Rehearing in the appellate court on November 29, 2001, followed by a Petition for Writ Certiorari to the United States Supreme Court, which petition was denied during June term, 2002.

In Defendant's Motion to Vacate, Doc. 957, he did not identify the Supreme Court's ruling in United States v. Booker, 125 S.Ct. 738 (2004), but his arguments clearly addressed the substance of that case. In Defendant's objection to the Report and Recommendation, his counsel has directly raised Booker issues. The Magistrate Judge noted that the Eleventh Circuit has determined that Booker does not apply retroactively to cases on collateral attack. Varela v. United States, 400 F.3d 864 (11th Cir. 2005). Defendant objects that Booker should apply retroactively to his case and that he qualifies for a special exception for actual innocence.

As to Booker's retroactivity, Defendant argues that because he was found not guilty of possession of a firearm in relation to a drug trafficking crime, yet his sentence was later enhanced due to possession of a firearm, that he is entitled to retroactive application of Booker.

Defendant does not challenge the legitimacy of the sentence under the law at the time it was imposed.  Further, Defendant acknowledges that the standard for the sentencing enhancement is a preponderance of the evidence.  In contrast, Defendant was found not guilty *beyond a reasonable doubt* of the offense of possession of a firearm in relation to a drug trafficking crime.  Contrary to Defendant's argument, he was not found *innocent* of the charge.

Therefore, Defendant's case falls within the framework of Booker.  As noted by the Eleventh Circuit in Varela, Booker does not apply retroactively to cases on collateral attack.  Defendant's objection as to Booker is overruled.  Defendant's other arguments relating to Booker's application to his sentence enhancement for drug quantity and obstruction of justice are also likewise overruled.

Defendant's next objection claims that he is entitled to relief due to actual innocence.  Defendant argues that when "it is more likely than not that *no* reasonable juror would have convicted him" than he qualifies for the "actual innocence" exception from procedural default.  Schlup v. Delo, 513 U.S. 298, 327 (1995) (emphasis added).  Defendant argues that because he was actually acquitted of the charge of possession of a firearm in relation to a drug trafficking crime, no reasonable juror could have convicted him.  Defendant does not cite to any new evidence or any other facts from the record to further support this argument.  This Court, however, has already found by a preponderance of the evidence that Defendant did commit the acts which enhanced his sentence.  Lacking new evidence to the contrary, the judgment of acquittal alone does not demonstrate that no reasonable juror could have found Defendant guilty.  It only represents that this jury did not find the Defendant guilty beyond a reasonable doubt.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 957, is DENIED.

**DONE AND ORDERED** this  *17th* day of August, 2005.

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge